IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION


LINDA SCHMIDT,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )    Case No. 05-4401-CV-C-NKL
                                        )
GARY KEMPER, et al.,                    )
                                        )
              Defendants.               )

## ORDER

Plaintiff Linda Schmidt's ("Schmidt") husband, Gil Schmidt, died while in the

custody of the Missouri Department of Corrections.  As administrator of her husband's

estate and as his surviving spouse, Schmidt filed a four-count complaint against

Defendants Manuel Largaespada, Eva Leake, Michael Sands, James Steele, Ahsan Syed,

and Correction Medical Services ("CMS").  Schmidt asserts claims against Defendants

Largaespada, Leake, Sands and Syed (collectively, "Defendants") in Count One for

failure to provide medical care and treatment in violation of 42 U.S.C. § 1983 and in

Count Three for medical negligence under state law.[1]

Pending before the Court is Defendant Syed's Motion to Dismiss for Failure to

File the Healthcare Affidavit [Doc. # 64] and Defendants Sands, Largaespada and

---

[1]In her Second Amended Complaint, Schmidt also asserted Count One against James Steele;
however, her claim against Steele was dismissed in the Court's January 10, 2007 Order.

1

Leake's Motion to Dismiss for Failure to File Health Care Affidavit [Doc. # 66]. For the reasons stated herein, both motions are granted in part and denied in part.

## I.     Overview

The defendants argue that Schmidt's claims against them should be dismissed because Schmidt failed to comply with Missouri Revised Statute § 538.225. The statute reads as follows:

> ### 538.225.  Affidavit by a health care provider certifying merit of case–content filed, when–failure to file, effect
>
> 1.  In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2.  The affidavit shall state the qualifications of such health care providers to offer such opinion.
>
> 3.  A separate affidavit shall be filed for each defendant named in the petition.
>
> 4.  Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.
>
> 5.  If the plaintiff or his attorney fails to file such affidavit the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225.

2

Schmidt argues that she has complied with Section 538.225. To support her argument, Schmidt attached three exhibits to her responses. Exhibit A is Schmidt's March 2, 2006 affidavit, in which she swears that she "has obtained the written opinion of a legally qualified health care provider, duly licensed, which states that the Defendants in this matter had a duty to Plaintiff which was breached by Defendants, which caused the Plaintiff's [husband's] death." Exhibit B is an unsigned letter from Thomas G. Adams, D.O., to Schmidt dated September 14, 2006. The Adams letter purports to offer Dr. Adams' medical opinion as to what may have caused Gil Schmidt's death and contains the following text: "Duty: CMS was Schmidt's medical provider." Finally, Exhibit C is Schmidt's counsel's February 23, 2007 affidavit, in which Schmidt's counsel swears that he has "obtained a written opinion of Dr. Thomas G. Adams, D.O. . . . a legally qualified health care provider, duly licensed. Dr. Adams [*sic*] written opinion states that Defendants provided decedent, Gil Schmidt, with medical care which fell below the standard of care . . . ."

## II.     Discussion

### A.     Count Three: State Law Medical Negligence

Section 538.225's affidavit requirement applies to medical malpractice tort actions. *White v. Gammon*, 2005 WL 3079043, *3 (E.D. Mo. 2005) (citing *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 905 (Mo. Ct. App. 1996).

As a matter of law, Schmidt has failed to comply with several provisions of Mo. Rev. Stat. § 538.225. First, Schmidt failed to file her affidavit within 90 days of filing her

Second Amended Complaint as required by Section 538.225(4). Schmidt's Second

Amended Complaint was filed on November 3, 2006; her affidavit was filed 111 days

later on February 23, 2007. Second, Schmidt's affidavit failed to "state the qualifications

of such health care providers to offer such opinion" as required by Section 538.225(2).

The affidavit only states that Dr. Adams is "a legally qualified health care provider, duly

licensed." (Ex. C). Similarly, Dr. Adams' unsigned September 14, 2006, letter fails to

state the qualifications that allow him to offer his opinion. Finally, Schmidt has failed to

file an affidavit for each defendant named in her complaint as required by Section

538.225(3). Schmidt's counsel claims that Dr. Adams' letter "states that Defendants

provided [the decedent] with medical care which fell below the standard of care"; but,

nothing in Dr. Adams' letter suggests that he is even aware that this case involves

multiple defendants. (Exs. B and C). Regardless, Section 538.225 requires one affidavit

per defendant. Schmidt has provided only one affidavit, and the one affidavit fails to

satisfy Section 538.225 with respect to any particular defendant.

Because Schmidt failed to comply with Section 538.225, Defendants' motions to

dismiss are granted as to Schmidt's state law medical negligence claim (Count Three).

**B.      Count One: Section 1983**

Schmidt is not required to comply with Section 538.225 in order to bring an action

pursuant to 28 U.S.C. § 1983. *Banks v. Jordan*, 2006 WL 2349625, *1 (E.D. Mo. 2006)

(holding that plaintiff need not comply with Section 538.225 to maintain action pursuant

to Section 1983). Defendants cite no reason other than Schmidt's failure to comply with

4

Section 538.225 for dismissing her Section 1983 claim. Therefore, Defendants' motions to dismiss are denied as to Count One.

## III.    Conclusion

Accordingly, it is hereby

ORDERED that Defendant Syed's Motion to Dismiss for Failure to File the Healthcare Affidavit [Doc. # 64] is GRANTED as to Count Three and DENIED as to Count One; and

ORDERED that Defendants Sands, Largaespada and Leake's Motion to Dismiss for Failure to File Health Care Affidavit [Doc. # 66] is GRANTED as to Count Three and DENIED as to Count One.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  March 29, 2007
Jefferson City, Missouri

5